IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| CHRISTIE BURRELL, individually, and | * | |
| on behalf of all others similarly situated, | * | |
| | * | CIVIL ACTION NO.: 3:15-CV-125-CDL |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| TOPPERS INTERNATIONAL, INC., | * | |
| a domestic profit corporation, DARNELL | * | |
| LEWIS GARDNER, individually, and | * | |
| SANDRA GARDNER, individually, | * | |
| | * | |
| Defendants. | * | |

## DEFENDANTS' RESPONSIVE PLEADING

TOPPERS INTERNATIONAL, INC., DARNELL LEWIS GARDNER, and SANDRA GARDNER [hereinafter referred to "Toppers", "DLG", and "SG", respectively], Defendants, come now through their undersigned attorney, and file their Responsive Pleading to "Plaintiff's Original Collective Action Complaint", showing the following:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff is not an "employee" of Defendants nor is any Defendant an "employer", within the meaning of the Fair Labor Standards Act, as amended, ["FLSA"] .

## THIRD DEFENSE

Plaintiff's claims may be barred in part by applicable statutes of limitation.

## FOURTH DEFENSE

1

Defendants have not willfully violated any provisions of the FLSA nor other applicable law regarding Plaintiff ; Defendants have acted in good faith; and Defendants have relied upon their reasonable interpretations of the FLSA, regulations promulgated thereunder, and case law interpreting the same, in all matters pertinent to this action. Furthermore, Defendants have complied with industry standards in the adult entertainment field.

<u>FIFTH DEFENSE</u>

Plaintiff was an "independent contractor" of Defendant Toppers at all times and in all matters pertinent to this action and thus the FLSA is inapplicable thereto.

<u>SIXTH DEFENSE</u>

The claims asserted in the Complaint are not appropriate for a collective action under provisions of the FLSA.

<u>SEVENTH DEFENSE</u>

Should any Defendant be found liable ultimately to Plaintiff for unpaid overtime wages, those Defendants may be entitled to exclusions and set-offs, to be proven at trial.

<u>EIGHTH DEFENSE</u>

Defendant SG did not exercise any control over the financial affairs nor operations of Defendant Toppers so that she cannot be liable to Plaintiff upon any of her claims.

<u>NINTH DEFENSE</u>

Defendants respond to the specific averments of the Complaint, as follows:

The preface to the Complaint, labeled "SUMMARY", is a recitation of abstract principles of law, without any factual assertions, and therefore merits no response.

1.

Defendants respond to Paragraph 1 of the Complaint by admitting they are named as defendants in this civil action; however, Defendants deny that they are "implicated", as that term misleadingly connotes wrongdoing to Defendants.

2.

Defendants deny the averments of Paragraph 2 of the Complaint.

3.

Defendants deny the averments of Paragraph 3 of the Complaint.

4.

Defendants respond to Paragraph 4 of the Complaint by denying they have violated any provision of the FLSA.

5.

Defendants deny the averments of Paragraph 5 of the Complaint.

6.

Defendants respond to Paragraph 6 of the Complaint by denying that a collective action under the FLSA is appropriate in this matter and therefore no notice is necessary. Defendants further deny that three years is the appropriate period, even were a collective action to be conditionally certified.

7.

Defendants admit the averments of Paragraph 7 of the Complaint.

8.

Defendants respond to the averments of Paragraph 8 by admitting that venue is proper in the Middle District of Georgia; however, Defendants deny that any "headquarters" is located at 1072 Mill Pointe, Watkinsville, Georgia.  Defendants also admit that Plaintiff did perform as an independent contractor at the club operated by Defendant Toppers for a short time.

9.

Defendants are without knowledge or information sufficient to form a belief regarding the averments of Paragraph 9 of the Complaint.

10.

Defendants deny the averments of Paragraph 10 of the Complaint.

11.

Defendants admit the averments of Paragraph 11 of the Complaint.

12.

Defendants admit the averments of Paragraph 12 of the Complaint.

13.

Defendants admit the averments of Paragraph 13 of the Complaint.

14.

Defendants show that Paragraph 14 of the Complaint is a partial abstract statement of law pertaining to FLSA cases without any factual averments, thus meriting no response.

15.

Likewise, Paragraph 15 of the Complaint comprises quotations concerning various FLSA cases without any factual averments, thus meriting no response.

16.

Defendants respond to the averments of Paragraph 16 of the Complaint by admitting auditions are held for those persons who want to perform at Toppers.  Defendants also admit that Defendant DLG had the authority to allow Plaintiff to perform at Toppers and to decline to allow her to do so.  Any remaining averment in Paragraph 16 or inference therefrom is denied.

17.

Defendants deny the averments of Paragraph 17 of the Complaint, as stated.

18.

Defendants deny the averments of Paragraph 18 of the Complaint, as stated.

19.

Defendants deny the averments of Paragraph 19 of the Complaint, as stated.

20.

Defendants respond to the averments of Paragraph 20 of the Complaint by admitting that training was available to Plaintiff and other performers, as necessary.

21.

Defendants respond to the averments of Paragraph 21 of the Complaint by showing that Plaintiff and other performers selected their own wardrobe, within general guidelines.

22.

Defendants respond to the averments of Paragraph 22 of the  Complaint by showing that Defendants Toppers, through Defendant DLG, established prices for certain performances with Plaintiff and other performers being able to accept tips in excess of those prices.

23.

Defendants admit the averments of Paragraph 23 of the Complaint.

24.

Defendants respond to the averments of Paragraph 24 by showing that Plaintiff and other performers were encouraged to share tips with other personnel.

6

25.

Defendants are unable to frame a meaningful response to the averments of Paragraph 25 of the Complaint, as that paragraph is vague.

26.

Defendants respond to the averments of Paragraph 26 of the Complaint by admitting that Plaintiff and others performers performed dances for the entertainment of patrons at Toppers. Defendants deny any remaining averments of that Paragraph 26 and any inference therefrom.

27.

Defendants admit the averments of Paragraph 27 of the Complaint.

28.

Defendants deny the averments of Paragraph of 28 of the Complaint.

29.

Paragraph 29 of the Complaint comprises a broad partial statement of law without any factual averment, thus meriting no response.

30.

Paragraph 30 of the Complaint comprises a broad partial statement of law without any factual averment, thus meriting no response.

31.

Defendants respond to the averments of Paragraph 31 of the Complaint by showing that Defendant DLG is the sole shareholder, director, and officer of Defendant Toppers and that he operates and manages the club.

32.

Defendants deny the averments of Paragraph 32 of the Complaint.

33.

Defendants respond to the averments of Paragraph 33 of the Complaint by admitting that Defendant DLG is involved in the day-to-day business operation of Toppers but Defendants deny that Defendant SG is so involved.

34.

In response to Paragraph 34 of the Complaint, Defendants admit that Defendants DLG and SG have responsibility for supervision of performers at Toppers, from time to time but not continuously, as other persons often do so.

35.

In response to Paragraph 35 of the Complaint, Defendants show that performers are independent contractors and their compensation depends upon their skills and willingness to perform .

36.

Defendants respond to the averments of Paragraph 36 of the Complaint by  denying that Plaintiff, nor any other performer at Toppers, is an "employee", under the purview  of the FLSA. Defendants admit that certain other persons who work at different positions at Toppers are

employees and Defendant DLG has the authority regarding those persons described in that Paragraph 36.  Defendants deny that Defendant SG does so.

37.

Defendants respond to the averments of Paragraph 37 of the omplaint by denying that Defendant SG had any responsibility described in that paragraph. Defendants admit that Defendant DLG had such responsibility which he exercised in good faith compliance with the FLSA and other applicable law.

38.

Defendants deny any averment and inference therefrom in Paragraph 38 of the Complaint that Plaintiff had any "employment relationship" with Defendants; furthermore, there are no "Class Members", as this action has not been conditionally certified.  Defendants deny any other averments and inferences therefrom in that Paragraph 38.

39.

Defendants deny the averments of Paragraph 39 of the Complaint.

40.

Paragraph 40 of the Complaint comprises incomplete abstract statements regarding legal principles without any factual averment, thus meriting no response.

41.

Defendants deny the averments of Paragraph 41 of the Complaint, as stated.

42.

Defendants deny the averments of Paragraph 42 of the Complaint, as stated.

43.

Defendants respond to the averments of Paragraph 43 of the Complaint by admitting that bartenders and waitresses have sold items that were involved in interstate commerce and that they have handled such.  Defendants are without knowledge or information sufficient to form a belief regarding whether Plaintiff did so or not.

44.

Defendants admit the averments of Paragraph 44 of the Complaint.

45.

Defendants are without knowledge or information to form a belief regarding the truth of the averments of Paragraph 45 of the Complaint, because such averments are vague.

46.

Defendants deny the averments of Paragraph 46 of the Complaint.

47.

Defendants deny the averments of Paragraph 47 of the Complaint.

48.

Defendants deny the averments of Paragraph 48 of the Complaint, as stated.

49.

Defendants are without knowledge or information sufficient to form a response to the averments of Paragraph 49 of the Complaint.

50.

Defendants deny the averments of Paragraph 50 of the Complaint.

51.

Defendants deny the averments of Paragraph 51 of the Complaint.

52.

Defendants Toppers and Defendant DLG admit the averments of Paragraph 52 of the Complaint as to them, but Defendants deny those averments as to Defendant SG .

53.

Defendants Toppers and Defendant DLG admit the averments of Paragraph 53 of the Complaint as to them, but Defendants deny those averments as to Defendant SG.

54.

Defendants deny the averments of Paragraph 54 of the Complaint.

55.

Defendants admit the averments of Paragraph 55 of the Complaint.

56.

Defendants deny the averments of Paragraph 56 of the Complaint, as stated.

57.

Defendants respond to the averments of Paragraph 57 of the Complaint by admitting that Plaintiff did so from time to time during that period.

58.

Defendants deny the averments of Paragraph 58 of the Complaint.

59.

Defendants deny the averments of Paragraph 59 of the Complaint.

60.

In response to paragraph 60, Defendants incorporate herein their response to Paragraph 48 of the Complaint hereinabove.

61.

Defendants Toppers and DLG admit the averments of Paragraph 61 of the Complaint but those averments are denied as they may regard Defendant SG.

62.

In response to paragraph 62, Defendants incorporate herein their response to Paragraph 23 of the Complaint hereinabove.

63.

In response to paragraph 63, Defendants incorporate herein their response to Paragraph 24 of the Complaint hereinabove.

64.

Defendants deny the averments of Paragraph 64 of the Complaint.

65.

Defendants incorporate herein their responses to Paragraphs 21, 26,  and 33 of the Complaint hereinabove.

66.

Defendants deny the averments of Paragraph 66 of the Complaint.

67.

Defendants deny the averments of Paragraph 67 of the Complaint.

68.

Defendants respond to the averments of Paragraph 68 of the Complaint by admitting that it maintained some records regarding Plaintiff and other performers but Defendants are without knowledge or information sufficient to respond to the averments of that paragraph regarding the typicality of its record keeping practices.

69.

Defendants deny the broad averments of Paragraph 69 of the Complaint.

70.

In response to Paragraph 70 of the Complaint, Defendants incorporate herein their responses hereinabove inasmuch that paragraph re-iterates averments of several previous paragraphs of the Complaint.

71.

Defendants deny the averments of Paragraph 71 of the Complaint.

72.

Defendants respond to the averments of Paragraph 72 of the Complaint by denying they are subject to the FLSA regarding Plaintiff, as she is an independent contractor.

73.

Defendants deny the averments of Paragraph 73 of the Complaint.

74.

Defendants deny the averments of Paragraph 74 of the Complaint.

75.

Defendants admit they are experienced in the exotic entertainment industry but they deny familiarity with the purported law described in Paragraph 75 of the Complaint.

76.

Defendants deny the averments of Paragraph 76 of the Complaint.

77.

Defendants deny the averments of Paragraph 77 of the Complaint.

78.

Defendant DLG admits, in response to the averments of Paragraph 78, that he maintained certain records; however, he denies such are "employment records" insofar as they may pertain to Plaintiff because she was not an employee.

79.

Defendants respond to the averments of Paragraph 79 of the Complaint by admitting that Defendant DLG has such authority regarding employees of Toppers but Defendants deny that Plaintiff or other performers were employees — rather, they were independent contractors.

80.

Defendants deny the averments of Paragraph 80 of the Complaint.  Toppers International Showbar is owned by Defendant Toppers, a corporation, and operated by Defendant DLG.

81.

Defendants deny the averments of Paragraph 81 of the Complaint.

82.

Defendants incorporate herein their responses to Paragraphs 1 through 81 hereinabove.

14

83.

Defendants deny the averments of Paragraph 83 of the Complaint.

84.

Defendants deny the averments of Paragraph 84 of the Complaint.

85.

Defendants incorporate herein their responses to Paragraphs 1 through 84 hereinabove.

86.

Defendants deny the averments of Paragraph 86 of the Complaint.

87.

Defendants deny the averments of Paragraph 87 of the Complaint.

88.

Defendants deny the averments of Paragraph 88 of the Complaint , as stated, because Plaintiff nor other performers are employees of Defendants nor are Defendants their employers, as contemplated by the FLSA.

89.

Defendants deny the averments of Paragraph 89 of the Complaint.

90.

Paragraph 90 of the Complaint comprises various statements of purported provisions of law without any factual averments, meriting no response herein.

91.

Defendants deny the averments of Paragraph 91 of the Complaint.

92.

Defendants deny the averments of Paragraph 92 of the Complaint.

93.

Defendants deny the averments of Paragraph 93 of the Complaint.

94.

Defendants deny the averments of Paragraph 94 of the Complaint.

95.

Defendants deny the averments of Paragraph 95 of the Complaint.

96.

Defendants respond to the averments of Paragraph 96 of the Complaint by showing that no class has yet been certified.  Defendants therefore deny the averments of that Paragraph 96.

97.

Defendants respond to the averments of Paragraph 97 of the Complaint by showing that no class has yet been certified.  Defendants therefore deny the averments of that Paragraph 97 .

98.

Defendants respond to the averments of Paragraph 98 of the Complaint by showing that no class has yet been certified.  Defendants therefore deny the averments of that Paragraph 98.

99.

Defendants respond to the averments of Paragraph 99 by showing that no class has yet been certified.  Defendants therefore deny the averments of that Paragraph 99.

100.

Defendants respond to the averments of Paragraph 100 of the Complaint by showing that no class has yet been certified.  Defendants therefore deny the averments of that Paragraph 100.

101.

Defendants respond to the averments of Paragraph 101 of the Complaint by showing that no class has yet been certified.  Defendants therefore deny the averments of that Paragraph 101.

102.

Defendants respond to the averments of Paragraph 102 of the Complaint by showing that no class has yet been certified.  Defendants therefore deny the averments of that Paragraph 102.

103.

Defendants respond to the averments of Paragraph 103 of the Complaint by showing that no class has yet been certified.  Defendants therefore deny the averments of that Paragraph 103.

104.

Defendants respond to the averments of Paragraph 104 of the Complaint by showing that no class has yet been certified.  Defendants therefore deny the averments of that Paragraph 104.

105.

Defendants respond to the averments of Paragraph 105 of the Complaint by showing that no class has yet been certified.  Defendants therefore deny the averments of that Paragraph 105.

106.

Defendants respond to the averments of Paragraph 106 of the Complaint by showing that no class has yet been certified.  Defendants therefore deny the averments of that Paragraph 106.

107.

Defendants respond to the averments of Paragraph 107 of the Complaint by showing that no class has yet been certified.  Defendants therefore deny the averments of that Paragraph 107.

108.

Defendants respond to the averments of Paragraph 108 of the Complaint by showing that no class has yet been certified.  Defendants therefore deny the averments of that Paragraph 108.

109.

Defendants respond to the averments of Paragraph 109 of the Complaint by showing that no class has yet been certified.  Defendants therefore deny the averments of that Paragraph 109.

110.

Defendants respond to the averments of Paragraph 110 of the Complaint by showing that no class has yet been certified.  Defendants therefore deny the averments of that Paragraph 110.

111.

Defendants respond to the averments of Paragraph 111 of the Complaint by showing that no class has yet been certified.  Defendants therefore deny the averments of that Paragraph 111.

112.

Defendants admit the averments of Paragraph 112 of the Complaint.

113.

In response to Paragraph 113 of the Complaint, Defendants Toppers and DLG admit that all performers at Toppers International Showbar were independent contractors — not employees — and thus so classified.  Defendant SG was not involved is that classification.

114.

Defendants Toppers and DLG admit the averments of Paragraph 114 of the Complaint. Defendant SG denies that she did so.

115.

Defendants Toppers and DLG admit the averments of Paragraph 115 of the Complaint. Defendant SG denies that she did so.

116.

Defendants Toppers and DLG admit the averments of Paragraph 116 of the Complaint. Defendant SG denies that she did so.

117.

Defendants deny the averments of Paragraph 117 of the Complaint.

118.

Defendants deny the averments of Paragraph 118 of the Complaint.

119.

Defendants deny the averments of Paragraph 119 of the Complaint.

120.

Defendants deny the averments of Paragraph 120 of the Complaint.

121.

Defendants deny the averments of Paragraph 121 of the Complaint.

122.

Defendants deny the averments of Paragraph 122 of the Complaint.

123.

In response to paragraph 123, Defendants expect this case to be resolved by motions for summary judgment but, if not, Defendants likewise demand a trial by jury.

124.

In response to paragraph 124, Defendants deny that Plaintiff or any others are entitled to the relief sought.

<u>GENERAL DENIAL</u>

Defendants deny any averment in the Complaint, and any inferences therefrom, that are neither specifically admitted or denied elsewhere in this responsive pleading.

WHEREFORE, Defendants' having asserted their defenses and responded to the averments of the Complaint pray that this action be dismissed, that judgment be entered for them and against Plaintiff, and that the Court grant such other and further relief as may be just and appropriate.

MCARTHUR, MCARTHUR & OVEREND, LLP

P. O. Box 893                    By:____/s/ John Jay McArthur_____
Athens, GA 30603                    JOHN JAY MCARTHUR
706-353-7736                        Georgia Bar No. 480725
fax 706-354-4713                    Attorney for Defendants
john@mcarthurlaw.net

20

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

CHRISTIE BURRELL, individually, and    *
on behalf of all others similarly situated,  *
                                      *  CIVIL ACTION NO.: 3:15-CV-125-CDL
Plaintiff,                        *
                                      *
v.                              *
                                      *
TOPPERS INTERNATIONAL, INC.,      *
a domestic profit corporation, DARNELL  *
LEWIS GARDNER, individually, and    *
SANDRA GARDNER, individually,      *
                                      *
Defendants.                  *

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that I have this day served the foregoing Defendants' Responsive Pleading upon Plaintiff by filing with the CM/ECF system and by mailing a copy thereof to Plaintiff's attorney of record, *viz.:* Andrew Frisch, Esq., Morgan & Morgan, P.A., 600 N. Pine Island Road, Ste. 400, Plantation, Florida 33324, all in the manner provided by law and by rule.

      This 7th day of March, 2016.

                        /s/ John Jay McArthur
                        JOHN JAY MCARTHUR