```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

CHRISTIE BURRELL, *on behalf of*        *
*herself and those similarly*
*situated*,                             *

    Plaintiff,                      *
                                      CASE NO. 3:15-cv-125(CDL)
vs.                                     *

TOPPERS INTERNATIONAL, INC.,            *
DARNELL LEWIS GARDNER, and
SANDRA GARDNER,                         *

    Defendants.                     *

                                    O R D E R

Plaintiff Christie Burrell was employed as an entertainer at Toppers International Showbar, a club owned and managed by Defendants Darnell Lewis Gardner and Sandra Gardner. Burrell claims that she and similarly situated individuals who worked as entertainers at Toppers were not paid minimum wage and overtime wages as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. Burrell now seeks conditional certification of her putative FLSA collective action pursuant to 29 U.S.C. § 216(b). Defendants did not respond to Burrell's Motion to Certify Class (ECF No. 14). For the reasons set forth below, the motion is granted.

An employer who violates the FLSA's minimum wage or overtime compensation requirements shall be liable to the

affected employees in the amount of the unpaid minimum wages or unpaid overtime compensation. 29 U.S.C. § 216(b).  An action to recover such wages or compensation may be maintained against the employer as a collective action, and employees wishing to be plaintiffs in such an action must "opt in" by filing a written consent with the court.  *See id.*  To maintain an FLSA collective action, the plaintiffs "must demonstrate that they are similarly situated."  *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008).

The Eleventh Circuit approved a two-stage procedure for managing FLSA collective actions.  "The first step of whether a collective action should be certified is the notice stage."  *Id.* at 1260.  During the notice stage, the court must determine "whether other similarly situated employees should be notified" of the action based on the pleadings and any affidavits.  *Id.; accord Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (per curiam).  The plaintiff must show a reasonable basis for her claim, and she must also show "that there are other similarly situated employees."  *Morgan*, 551 F.3d at 1260.  The standard for determining similarity at the notice stage is "fairly lenient."  *Id.* at 1261 (quoting *Hipp*, 252 F.3d at 1218).  If the court conditionally certifies a collective action, then putative class members are given notice and an opportunity to "opt in."  *Hipp*, 252 F.3d at 1218.  The second

2

stage is the "decertification" stage. When "discovery is largely complete and the matter is ready for trial[,]" a defendant may file a motion for "decertification," and the court must make "a factual determination on the similarly situated question." *Id.* (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995)).

This case is in the notice stage, and Burrell seeks conditional certification of a collective action. In support of her motion to certify, Burrell submitted her own declaration, as well as the declarations of opt-in Plaintiffs Holly Hodges and Christina Elling. Burrell, Hodges, and Elling worked as entertainers at Toppers, and their job was to perform dances for customers. According to Burrell, Hodges, and Elling, entertainers were treated the same way in many respects. Defendants classified all entertainers as independent contractors, not employees, and did not pay any wages to the entertainers. Burrell contends that she and the other entertainers were actually employees and should have been treated as such for FLSA purposes. According to Burrell, Defendants set the schedule for all entertainers, controlled the appearance of the entertainers, and had the authority to discipline, fine, and fire the entertainers. Defendants required entertainers to pay a "house fee" each shift, set the amount that entertainers were required to charge customers for

"personal dances," and required entertainers to share their tips with security personnel and the DJ.  Burrell asserts that she knows at least fifty Toppers entertainers who did not receive minimum wage or overtime compensation and that at least several of those entertainers would opt in to the collective action if given notice.

Based on the Complaint and the declarations of Burrell, Hodges, and Elling, as well as the lack of any evidence from Defendants, the Court is satisfied that Burrell has established that a collective action should be conditionally certified.[1]  Burrell's Motion to Certify Class (ECF No. 14) is therefore granted.  The Court conditionally certifies this action as an FLSA collective action for all entertainers who are or were employed at Toppers during the past three years.[2]

Burrell submitted a proposed notice and seeks permission to send the notice via first-class mail and email to all entertainers who are or were employed at Toppers during the past three years.  Burrell also seeks to send a reminder postcard to the putative class members forty-five days after the notice is issued.  Defendants did not object to the proposed notice or to

---

[1] By granting Burrell's Motion to Certify, the Court is not making a final determination that Burrell and the potential class members were "employees" within the meaning of the FLSA.  But based on the present record, sufficient evidence exists for conditional certification.

[2] Burrell alleges that Defendants willfully violated the FLSA.  Willful violations of the FLSA are subject to a three-year statute of limitations.  29 U.S.C. § 255(a).

4

Burrell's request to send the notice via email and to send a reminder postcard. The Court approves the proposed notice. Burrell's counsel may send the notice via first-class mail and email, and they may follow up on the notice with a reminder postcard forty-five days after issuance of the notice.

Finally, Burrell seeks discovery for the purpose of identifying and notifying potential class members. Defendants did not object to this discovery. Therefore, Defendants shall provide Burrell's counsel with a list of all persons employed as entertainers at Toppers during the last three years. The list shall be provided to Burrell's counsel on or before April 8, 2016 and shall include each entertainer's name, job title, address, email address, telephone number, employment dates, employment location, date of birth, and last four digits of the entertainer's Social Security Number.

IT IS SO ORDERED, this 11th day of March, 2016.

    s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA