IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| CHRISTIE BURRELL, *on behalf of herself and those similarly situated*,<br><br>    Plaintiff,<br><br>vs.<br><br>TOPPERS INTERNATIONAL, INC., DARNELL LEWIS GARDNER, and SANDRA GARDNER,<br><br>    Defendants. | *<br>*<br>*<br>*<br>*  CASE NO. 3:15-cv-125(CDL)<br>*<br>*<br>* |

O R D E R

Plaintiff Christie Burrell filed this putative collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Several additional Plaintiffs have consented to join the action. On February 8, 2016, Plaintiffs applied for a Clerk's entry of default, asserting that Defendants had been properly served with a copy of the summons and complaint on January 11, 2016 but had not answered or otherwise responded within twenty-one days. The Clerk entered default as to all three Defendants on February 9, 2016. Defendants filed an answer on March 7, 2016 and also filed a Motion to Set Aside the Default. As discussed in more detail below, the Motion to Set Aside the Default (ECF No. 28) is granted.

BACKGROUND

In seeking the entry of default, Plaintiffs' counsel asserted that Defendants Toppers International, Inc., Darnell Lewis Gardner, and Sandra Gardner were each served with a copy of the summons and complaint on January 11, 2016. Frisch Aff. ¶ 3, ECF No. 18-1. In support of this assertion, Plaintiffs' counsel pointed to the affidavits of service he had previously filed. But none of the affidavits of service were signed by the process server. *See* Affs. of Service, ECF Nos. 6, 7 & 9. Therefore, no proper proof of service has been made to the Court as required by Federal Rule of Civil Procedure 4(l)(1). Moreover, although one of the unsigned affidavits states that Sandra Gardner was served with a copy of the summons and complaint by leaving the documents with Darnell Lewis Gardner at 1072 Mill Pointe in Watkinsville Georgia, Defendants contend that Sandra Gardner does not reside at that address and that any attempted service on her through another person at that address is invalid.

DISCUSSION

Under Federal Rule of Civil Procedure 55(c), the Court "may set aside an entry of default for good cause." In determining whether good cause exists to set aside an entry of default, "courts have considered, but are not limited to, factors such as the willfulness of the default, whether setting it aside would

2

prejudice the adversary, . . . whether the defaulting party would have a meritorious defense [and] whether the defaulting party promptly corrected the default." *Parker v. U.S. Bank Nat. Ass'n*, 580 F. App'x 776, 777 (11th Cir. 2014) (per curiam). The Eleventh Circuit has "a strong preference for deciding cases on the merits—not based on a single missed deadline—whenever reasonably possible." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014).

Here, it is not clear from the present record that any of the Defendants were properly served because no valid proofs of service have been filed. Defendants Toppers International, Inc. and Darnell Lewis Gardner do not acknowledge that they have been properly served, and Defendant Sandra Gardner asserts that she has not been properly served. Therefore, it is not clear that all three Defendants are actually in default. Even if Plaintiffs had established that one or more of the Defendants was properly served and is in default, it appears that Defendants promptly sought to respond to the default and promptly sought to point out the deficiencies in Plaintiffs' service and proofs of service. Moreover, setting aside the default would not result in unfair prejudice to Plaintiffs. For all of these reasons, the Court concludes that good cause exists to set aside the default.

CONCLUSION

For the reasons set forth above, Defendants' Motion to Set Aside the Default (ECF No. 28) is granted, and Defendants' Answer is considered timely.  If Plaintiffs contend that they have effected service on Defendants, they may file amended proofs of service.  Plaintiffs are on notice of Defendants' position that Sandra Gardner does not reside at 1072 Mill Pointe in Watkinsville, Georgia and that any attempted service on her through another person at that address was invalid.  If Plaintiffs wish to have additional time to perfect service on Sandra Gardner or seek a waiver of service from her, Plaintiffs shall file a motion seeking such relief.

IT IS SO ORDERED, this 12th day of April, 2016.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
