# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| CHRISTIE BURRELL, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>TOPPERS INTERNATIONAL, INC., a domestic profit corporation, DARNELL LEWIS GARDNER, individually, and SANDRA GARDNER, individually,<br><br>    Defendants. | *<br>*<br>*  CIVIL ACTION NO.: 3:15-CV-125-CDL<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

<u>RESPONSES OF DEFENDANTS DARNELL LEWIS GARDNER, SANDRA GARDNER, AND TOPPERS INTERNATIONAL, INC. TO FIRST SET OF INTERROGATORIES FROM PLAINTIFFS:  CORTNEY BACH, NATALIE BRAKHOP, CHRISTIE BURRELL, STEPHANIE COALLEY, FLORA DEBEVEC, AUTUMN EDWARDS, CHRISTINA ELLING, HOLLY HODGES, ANGELA KAILING, COURTNEY NESSLAGE, KAYLAN ROESNER, AMANDA SPEAR, TYLER SPIZZIRRI, AND APRIL THOMAS</u>

DARNELL LEWIS GARDNER, SANDRA GARDNER, and TOPPERS INTERNATIONAL, INC., Defendants herein, through their undersigned attorney, hereby respond to First Set of Interrogatories from Plaintiffs:  Cortney Bach, Natalie Brakhop, Christie Burrell, Stephanie Coalley, Flora Debevec, Autumn Edwards, Christina Elling, Holly Hodges, Angela Kailing, Courtney Nesslage, Kaylan Roesner, Amanda Spear, Tyler Spizzirri, and April Thomas, as follows:

CONSOLIDATED RESPONSES TO INTERROGATORIES

Defendants consolidate herein responses to the interrogatories served by the lead Plaintiff and the thirteen (13) "opt-in" Plaintiffs as the interrogatories are the same for each Plaintiff, as are the responses.

1

OBJECTION TO "INSTRUCTIONS AND "DEFINITIONS"

Defendants object to the "Instructions" and "Definitions" in the preface to the Interrogatories: (1) to the extent that they call for information protected by the attorney-client privilege or protected as trial preparation material; (2) to the extent that any interrogatory is oppressive, overbroad, burdensome; and (3) to the extent that information beyond the scope of discovery may be sought. Furthermore, Defendants object to the preface to the extent it attempts to impose duties beyond those required by the Federal Rules of Civil Procedure.

LIMITATION ON RESPONSES

These responses are based upon information presently available to Defendants and counsel and more information may be revealed in further discovery and investigation as the case progresses. Defendants will supplement these responses if and when such additional information is learned.

INTERROGATORY 1

Identify each person, other than attorneys, with knowledge regarding the facts and circumstances surrounding the happenings of the occurrences referred to in the operative Complaint and/or your response thereto, and state the scope of his or her knowledge.

RESPONSE

The persons who would have knowledge regarding matters involved in this case include the parties, whose names and addresses are evident from information already in the file; Lawanda Laster (housemom), 1590 Maybell Trail, Lawrenceville, Georgia 30044; Brandi Brown (housemom), 100 N. Jackson Street, Athens, Georgia 30601.

2

INTERROGATORY 2

Identify and provide full contact information including addresses, emails, and phone numbers for each person employed by or working for Defendant as an employee or contractor from 2013 through the present.

RESPONSE

The entertainers who worked at Toppers from 2013 through the present are identified on the list submitted to Plaintiff on April 11, 2016. Additional information regarding the lead Plaintiff and the "opt-in" Plaintiffs are contained in business records that will be produced in response to Plaintiffs' requests for production of documents.

Other persons working at Toppers from 2013 through the present include the following "DJs": John Young, Athens, Georgia; David Whitehead, whereabouts unknown to Defendants; Tyler Beck, 100 N. Jackson Street, Athens, Georgia 30601; and Paul Padgett, 100 N. Jackson Street, Athens, Georgia 30601.

Persons working at Toppers from 2013 through the present as "housemoms" are Sandra Gardner, party hereto; Lawanda Laster, whose address is listed hereinabove; and Brandi Brown, whose address is also listed hereinabove.

During this time period, a number of persons worked as security but Defendants do not have the requested information regarding those persons, and the same applies to persons who have worked as bartenders at Toppers from 2013 through the present. These positions have a high rate of turnover and the persons working as security or bartenders are often itinerant. None of the foregoing persons are employees of any Defendant, rather, all of them being independent contractors.

INTERROGATORY 3

Identify and describe the rate and method by which you pay or paid each individual you identified in your response to Interrogatory 2.

RESPONSE

The entertainers were not compensated by any Defendant but, rather, their sole source of compensation was in the form of tips from patrons. The other persons referred to hereinabove (DJs, security, housemoms, and bartenders) were compensated by receiving a portion of the house fees, per shift.

INTERROGATORY 4

Identify and describe the primary job duty or duties of each individual you identified in your response to Interrogatory 2.

RESPONSE

Primary job duties of the entertainers were to perform dances for the entertainment of patrons. Primary duties of the " housemoms" involved working with the entertainers on schedules, rules, interviewing prospective entertainers, and dealing with issues that might arise during the shift. The job duties of security were to maintain a safe environment for all those at Toppers. Bartenders prepared and served drinks. DJs played music and made announcements.

INTERROGATORY 5

Identify all evidence including impeachment documents, affidavits and/or statements upon which you intend to rely and/or introduce at trial.

RESPONSE

Defendants do not yet know what impeachment evidence may be utilized at trial. As stated hereinabove, supplementation will be made in accordance with the Federal Rules of Civil Procedure.

INTERROGATORY 6

Identify all witnesses, including expert witnesses, whom you intend to call at trial or whose testimony you intend to rely, stating the facts upon which you expect him/her to testify or upon which you otherwise intend to rely.

RESPONSE

Defendants do not yet know what experts they may call at trial and this responses will be supplemented as stated above.

INTERROGATORY 7

Set out and describe in detail the factual basis for each defense that Defendant asserts in this matter, and identify and describe each document, including the dates each document was created, that Defendant contends constitutes evidence of or provides support for each defense Defendant asserts in this civil action.

RESPONSE

The first, second and fifth defenses are based upon Plaintiffs' status as "independent contractors", not "employees" under the Fair Labor Standards Act. The third defense is based upon whether the Plaintiffs' claims were asserted within the applicable statutes of limitation and the facts will be different as to each party. More information regarding this defense will be developed during discovery and at trial. The fourth defense is based upon the Defendants' following industry standards in the adult entertainment field and their review and understanding of the FLSA, regulations promulgated thereunder, and applicable case law, as well as conferring with others in the adult entertainment industry. The seventh defense is based upon the fact that Plaintiffs received compensation tips by patrons. The eighth defense is based upon the fact that Defendant Sandra Gardner merely worked at Toppers and was not in a managerial position. Documents supporting

5

these defenses will be provided to Plaintiffs' counsel pursuant to the requests for production of documents served by Plaintiffs.  Furthermore, documents may be produced by Plaintiffs in response to discovery herein and Defendants do not yet have such documents.

## INTERROGATORY 8

Set out and describe in detail the factual basis for each denial of a factual allegation you set forth in your Answer and identify and describe each document, including the dates each document was created, that Defendant contends constitutes evidence of or provides support for each denial Defendant asserts against each Plaintiff's allegation.

## RESPONSE

Please see response to Interrogatory 7 hereinabove.

## INTERROGATORY 9

Set out and describe in detail the factual basis for any and all claims for mitigation, offset, or set-off, that Defendant alleges against Plaintiff and identify and describe each document, including the dates each document was created, that Defendant contends constitutes evidence of or provides support for each and any mitigation, offset, or set-off.

## RESPONSE

Defendants expect that the tips received by Plaintiffs for their performing at Toppers will setoff or exceed the amount they claim herein.  Documents regarding such setoff are expected to be provided by Plaintiffs in response to discovery herein.

## INTERROGATORY 10

Set out and describe in detail a full calculation for any and all claims for mitigation, offset, or set-off Defendant asserts against Plaintiff and identify and describe each document, including the

6

dates each document was created, that Defendant contends constitutes evidence of or provides support for each and any mitigation, offset, or set-off.

### RESPONSE

Defendants cannot presently provide a full calculation as called for in Interrogatory 10 because that will be dependent upon information to be obtained from Plaintiffs in discovery.

### INTERROGATORY 11

Do you contend that Plaintiff was not an employee with rights and protections under Federal and Georgia state wage laws? If you so contend, set out and describe in detail the factual basis supporting this contention. In your response, identify and describe each document, including the dates each document was created, that Defendant contends constitutes evidence of or provides support for this contention.

### RESPONSE

Defendants do contend that Plaintiffs are not "employees" under applicable federal and state wage laws.

### INTERROGATORY 12

Do you contend that Defendant was not Plaintiff's employer with wage payment and record keeping duties and obligations under Federal and Georgia state wage laws? If you so contend, set out and describe in detail the factual basis supporting this contention. In your response, identify and describe each document, including the dates each document was created, that Defendant contends constitutes evidence of or provides support for this contention.

### RESPONSE

Defendants do contend that none of the Plaintiffs was an "employer" with wage payment and record keeping duties under federal and state laws.

INTERROGATORY 13

Separately state the number of hours Plaintiff worked for Defendant or at Defendant's exotic dance club during each workweek during the time period 2013 through the present.

RESPONSE

No Plaintiff "worked for" any Defendants but the hours that Plaintiffs worked during each work week during the time period 2013 through the present can be determined from the business records produced in response to Plaintiffs' requests for production of documents herein and the burden of deriving or ascertaining that information is substantially the same for Plaintiffs as for Defendants.

INTERROGATORY 14

Separately state the amount Defendant paid Plaintiff for each workweek Plaintiff worked for Defendant or performed at Defendant's exotic dance club during the time period 2013 through the present.

RESPONSE

Defendants did not pay any amount to any Plaintiff since, as stated elsewhere, the Plaintiffs were compensated by patrons.

INTERROGATORY 15

Of the amount Defendant paid Plaintiff for each work week, separately state by workweek all manner (whether by payroll check, cash, gratuity, tip credit, service, fee, facility benefit, or otherwise) in which Defendant paid Plaintiff and the amount Defendant paid using each manner.

RESPONSE

The response to Interrogatory 14 hereinabove is incorporated in this response.

INTERROGATORY 16

State the actual start and stop times for each day that Plaintiff worked for Defendant or at Defendant's exotic dance club during the time period 2013 through the present. Your response must include any start and stop times for any non-compensable breaks Plaintiff took.

RESPONSE

No Plaintiff "worked for" any Defendants but the hours that Plaintiffs worked during each work week during the time period 2013 through the present can be determined from the business records produced in response to Plaintiffs' requests for production of documents herein and the burden of deriving or ascertaining that information is substantially the same for Plaintiffs as for Defendants.

INTERROGATORY 17

Set out and explain all ways in which Defendant kept, recorded, or took note of Plaintiff's work or contractor hours and pay, listing which records you currently have in Defendant's possession and which records have been discarded.

RESPONSE

To the knowledge of Defendants, no records have been discarded. All records described in Interrogatory 17 are produced in response to Plaintiffs' requests for production of documents.

INTERROGATORY 18

At any time during the time period 2013 through the present has Defendant charged a licensing fee, tip-in, tip-out, or any other charge to Plaintiff or any exotic dancer to perform at Defendant's exotic dance club? If so, separately state by workweek all manner (whether by check, cash, or otherwise) in which Plaintiff paid Defendant and the amount Plaintiff paid using each manner.

RESPONSE

Plaintiffs were required to pay a "house fee" for each shift and the amounts thereof and the manner of payment can be derived or ascertained from the business records produced in response to Plaintiffs' requests for production of documents herein.

INTERROGATORY 19

Set out by amount and date and describe all deductions, charges, fees, and fines Defendant made or took from Plaintiff during the time period 2013 through the present, including but not limited to, all fees and fines for violating rules, all late fees, all licensing fees, all tip-ins, all tip-outs, all money taken from any portion of money Plaintiff received from a customer for performing a private or semi-private dance, any deduction made for any items purchased by Plaintiff from Defendant, and any other deduction made for any other reason.

RESPONSE

The information sought by Interrogatory 19 can be derived or ascertained from the business records produced herein in response to Plaintiffs' requests for production of documents.

INTERROGATORY 20

Identify all efforts Defendant made to determine whether Plaintiff was being properly paid all wages owed in compliance with Federal and Georgia law.

RESPONSE

Defendants Darnell Lewis Gardner and Sandra Gardner have both been involved in the adult entertainment industry since 1992 and they are both familiar with industry standards from such experience; from conferring with other persons in the adult entertainment industry; from periodicals; information contained online; and reviewing documents utilized by others in the industry.

INTERROGATORY 21

Identify all owners and/or persons in management of each Defendant during the time period 2013 through the present, also including:

a. Their job title, and if they have changed their job title during the Relevant Period, each job title held and the date(s) the job title(s) was changed;

b. Their percentage ownership in Defendant;

c. Their dates of employment and/or relationship with Defendant;

d. Their duties in general;

e. Their duties in relation to management in detail regarding the operation and setting of the schedule;

f. Their ability to hire and/or fire employees;

g. Their involvement in generating work schedules;

h. Their involvement in payroll policies and/or practices;

i. Their involvement in decisions regarding the operation and management of that Defendant.

RESPONSE

The only owner of Toppers International, Inc. from 2013 through the present has been Defendant Darnell Lewis Gardner, who owns 100% of the corporation's shares. His duties encompass all those expected of an owner and manager. John Young worked as a DJ until the spring of 2016 and, on occasions when Defendant Darnell Lewis Gardner would be out of town, Mr. Young would assume limited responsibilities for operating Toppers.

"Housemoms" interviewed entertainers to determine whether they should be allowed to work at Toppers, and worked with the entertainers regarding their schedules, and provided toiletries,

11

snacks, and similar items during shifts. The housemoms have included Sandra Gardner, throughout the specified time period; Lawanda Laster, throughout the specified time period; Kim Fowler, Greenville, South Carolina, from spring 2015 through early months of 2016; and Kelly Gardner, who is now deceased. Whether the "housemoms" and Mr. Young would be classified as "persons in management" for FLSA purposes is an issue and Defendants do not, by listing them in this response, admit any FLSA for these persons.

## INTERROGATORY 22

During the time period 2013 through the present, has Defendant offered private or semi-private exotic dance performances at its exotic dance club (e.g. lap dance, VIP Room, Champaign Room)? If so, identify all different varieties of private and semi-private dances offered at Defendant's exotic dance club, the cost to the customer for each variety of dance; the person or persons who set the price to the customer for each variety of dance; and how and in what manner the amount paid per dance by the customer for each variety of dance is divided between the exotic dancer and Defendant.

## RESPONSE

Private and semi-private exotic dance performances were available to patrons at Toppers. Toppers received from the patrons $10 for a one song performance; $25 for a half-hour performance; and $50 for an hour performance. The entertainers were encouraged to charge to patrons $125 for a 30 minute performance and $250 for a one hour performance. This money would go directly to the entertainers from the patrons and Defendants do not know whether the entertainers charged the suggested amount, or more, or less on every occasion.

INTERROGATORY 23

Identify each private and semi-private dance Plaintiff performed at Defendant's exotic dance club during the time period 2013 through the present.  In your response, identify the amount Plaintiff received (and from whom) in exchange for performing each private and semi-private dance; the amount Defendant received (and from whom) for each private and semi-private dance each Plaintiff performed; and the method and manner in which Defendant tracked the amount Plaintiff received and the amount Defendant received in its revenue and/or gross receipts.

RESPONSE

Defendants do not have any information presently called for by Interrogatory 23.  Defendants hope to obtain this information in discovery from Plaintiffs.

MCARTHUR, MCARTHUR & OVEREND, LLP

P. O. Box 893  
Athens, GA 30603  
706-353-7736  
john@mcarthurlaw.net  

By:   /s/ John Jay McArthur  
JOHN JAY MCARTHUR  
Georgia Bar No. 480725  
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| CHRISTIE BURRELL, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TOPPERS INTERNATIONAL, INC., a domestic profit corporation, DARNELL LEWIS GARDNER, individually, and SANDRA GARDNER, individually,<br><br>Defendants. | *<br>*<br>* CIVIL ACTION NO.: 3:15-CV-125-CDL<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing Responses of Defendants Darnell Lewis Gardner, Sandra Gardner, and Toppers International, Inc. to Plaintiffs' First Set of Interrogatories by mailing a copy thereof to Plaintiffs' attorney of record, *viz.:* Andrew Frisch, Esq., Morgan & Morgan, P.A., 600 N. Pine Island Road, Suite 400, Plantation, Florida 33324, and by emailing a copy thereof to AFrisch@forthepeople.com, all in the manner provided by law and by rule.

This 30th day of September, 2016.

/s/ John Jay McArthur
JOHN JAY MCARTHUR

14