UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

CHRISTIE BURRELL, individually, and on
behalf of all others similarly situated,

    Plaintiff,

v.

TOPPERS INTERNATIONAL, INC., a
Domestic Profit Corporation,
DARNELL LEWIS GARDNER, individually,
and SANDRA GARDNER, individually,

    Defendants.
_____/

CIVIL ACTION NO. 3:15-cv-00125-CDL

JURY TRIAL DEMANDED

### *JOINT* MOTION FOR APPROVAL OF SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW

    Plaintiff, CHRISTIE BURRELL ("Burrell"), on her own behalf and on behalf of others similarly situated (collectively "Plaintiffs"), and Defendants, TOPPERS INTERNATIONAL, INC., and SANDRA GARDNER ("Toppers" or "Defendants") (Plaintiff and Defendants collectively "the Parties"), file this Joint Motion for Approval of the Parties' Settlement in the above-captioned matter.  The Parties attach hereto as **EXHIBIT A** the Settlement Agreement executed by the Parties.

    As further explained herein, pursuant to the Settlement Agreement, after the payment of attorneys' fees and costs, all of the Plaintiffs will receive their full unpaid wages claimed due under the FLSA within a three (3) year statute of limitations—the longest possible statute of limitations application to Plaintiffs' instant claims—plus, an equal amount as liquidated damages.  Thus, Plaintiffs' claims can be said to be resolved "without compromise" such that Court approval is likely not required under *Lynn's Foods*.  Furthermore, the Parties resolved the issues of attorneys' fees and costs separately from the issue of the Plaintiffs' underlying

1

damages, and thus the Court need not conduct an independent review of same pursuant to *Bonetti v. Embarq Management Company*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009). For these reasons, the Parties hereby request that the Court enter an Order approving their Settlement Agreement in full. *See Grimes v. Southeast Restaurants Corp.,* 2013 WL 4647374, at *3 (M.D. Ga. Aug. 29, 2013) (approving FLSA settlement where plaintiff was receiving 100% of damages claimed, plus liquidated damages, plus attorneys' fees/costs negotiated separately).

## I.     Legal Principles.

Pursuant to the case law regarding settlement of claims arising under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq.* ("FLSA"), there are two ways in which claims under the FLSA can be settled and released by employees. First, § 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).[1] Second, in the context of a private lawsuit brought by an employee against an employer under § 216(b) of the FLSA, or a collective action by multiple employees to recover against an employer as outlined in § 216(b) of the FLSA, employees may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id*; *see also Sculte, Inc. v. Gandi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding*

---

[1] As courts have repeatedly noted, where, as here, plaintiffs are receiving full wages, plus liquidated damages, and an equal amount as attorneys' fees and costs, the concerns discussed in *Lynn's Foods* are not present and therefore, no independent scrutiny of plaintiffs' attorneys' fees and costs is necessary. *See, e.g., Feagans v. Americana Jax Investments, Inc.*, 2008 WL 782488, at *1 (M.D. Fla. March 20, 2008); *Mackenzie v. Kindred Hospitals East, L.L.C.*, 276 F.Supp.2d 1211, 1217 (M.D. Fla. 2003) ("*Lynn's Food Stores* addresses judicial oversight of 'compromises' of FLSA claims (*see id.* at 1354–55). Since the plaintiff has been offered full compensation on his claim, this case does not involve a compromise. There is no need for judicial scrutiny where, as here, the defendant represents that it has offered the plaintiff more than full relief, and the plaintiff has not disputed that representation.").

*Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiffs' FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiff against his former employers, which was adversarial in nature.

The Parties agree that the instant action involves disputed issues. The Parties further agree that settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues, although arguably Plaintiffs can be said to be receiving full relief without compromise, even after the payment of attorneys' fees and costs. This is a particularly good result in light of the fact that the Court explicitly reserved judgment with regard to the issues of liquidated damages and willfulness in the context of the Parties' cross-motions for summary judgment. *See* ECF No. 78.

Plaintiffs and Defendants discussed the Plaintiffs' alleged hours of work. Because Defendants classified Plaintiffs as independent contractors they paid them no direct wages for any

hours of work. Thus, the Parties were able to calculate Plaintiffs' "best case scenario" by multiplying the hours worked by each Plaintiff within the relevant workweeks by the applicable federal minimum wage. The parties then engaged in detailed settlement discussions. The Parties ultimately voluntarily agreed to the terms of their settlement at the conclusion of the negotiations, and formalized their settlement as evidenced by EXHIBIT A. Additionally, as part of the settlement, the Parties have agreed to stay Plaintiffs' pending adversarial proceeding against Defendant, Darnell Lewis Gardner, currently pending in the Bankruptcy Court for the Middle District of Georgia.

Moreover, the Parties negotiated the underlying damages awarded to the class separately and independently of the attorneys' fees and costs to be paid to Plaintiffs' undersigned counsel. *See Bonetti*, 715 F.Supp.2d at 1228. For this reason, having held that the amounts payable to the Plaintiffs are fair and reasonable, the Court need not engage in a detailed analysis of the attorneys' fees and costs to be paid to Plaintiffs' counsel under the Settlement Agreement. *See id.*

## II.     The Disputed Issues In The Adversarial Action At Hand.

In accordance with the legal principles outlined above, the Parties respectfully request that the Court approve the Parties' negotiated settlement of Plaintiffs' FLSA claims. The Parties agree that the instant adversarial action involves disputed factual and legal issues, including: (i) whether Plaintiffs, who are current/former exotic entertainers who performed at Defendants adult nightclub, were employees or independent contractors under the FLSA; (ii) the number of hours worked by Plaintiffs during each workweek, if any; (iii) whether Plaintiffs are entitled to recover liquidated damages; and (iv) whether Defendants' alleged FLSA violations of the FLSA were willful such that the statute of limitations should be extended to three (3) years.

Defendants denied the allegations made by Plaintiffs. And, while the Court ultimately granted Plaintiffs summary judgment finding that they were employees as a matter of law, if Defendants had prevailed, on some or all of the remaining issues, Plaintiffs would have received less damages than they are receiving under the settlement agreement, or perhaps nothing at all (depending on when they worked for Defendants).

The Parties ultimately recognized the inherent risks in proceeding with litigation. For Plaintiffs, that risk included the distinct possibility that they might recover less than they are recovering under the settlement; for Defendants, that risk included the prospect that Plaintiffs' recovery might exceed that which they have agreed to pay in the settlement and/or that they might incur far more in legal fees than they already have to date.

Neither party was willing to accept the inherent litigation risks, and all Parties were fully informed of same, because the Parties completed exhaustive discovery prior to settlement negotiations. Based on the terms of the settlement, Plaintiffs will receive all minimum wages they calculate could possibly be due and owing to them and an equal amount as liquidated damages in addition. At all times, all Parties were represented by capable and experienced counsel who negotiated at arms-length to reach the settlement.

The Parties reviewed and assessed the potential risks of litigation with their respective counsel. The Parties agree that the negotiated terms of settlement, as summarized below, reflects a reasonable compromise of all disputed issues, and that the negotiated settlement is in the Parties' best interest.

**III.    Terms Of Settlement.**

    **A.    The Common Fund**

The Parties have agreed to settle Plaintiffs' claims for a total common fund of $327,500. The breakdown of the common fund is as follows:

    i.    $101,085.47 for unpaid wages to the Plaintiff Class;

    ii.    $101,085.47 for liquidated damages to the Plaintiff Class; and

    iii.    $125,329.06 for attorneys' fees[2], administrative and taxable costs, and class administration costs as explained below.

**B.    Calculation of Payments To Settlement Class Members**

With respect to the amount set aside for the settlement class members (i.e., $202,170.94), each class member who opts-in will be paid based on her actual weeks and hours worked, and Defendants agreed to pay each Plaintiff the maximum amount they believe might be due to them for unpaid minimum wages and liquidated damages.

**D.    Attorneys' Fees & Costs**

Plaintiffs' counsel will receive $125,329.06 in attorneys' fees/costs ($115,829.06 in attorney's fees and $9,500 in costs and claims administration). The parties agreed that this is a reasonable fee under the circumstances of this case. Likewise, courts within the Eleventh Circuit, have agreed that "attorneys who create a common fund are entitled to be compensated for their efforts from a reasonable percentage of that fund." *Stahl v. Mastec, Inc.*, 2008 WL 2267469, *1 (M.D. Fla. 2008); citing *Camden I Condominium Assoc., Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991) ("Henceforth in this circuit, attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class."). This Court has stated:

---

[2] Of this amount, approximately $9,500.00 represents administrative and taxable cost reimbursement, including approximately $1,500.00 in anticipated costs that undersigned counsel will incur in administering the 61 installment settlement payments due under the Settlement Agreement.

> The following factors are considered in determining the appropriate percentage of the common fund to be awarded as fees: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. [citing *Camden, supra*]  Notably, the Supreme Court and the Eleventh Circuit have held that it is appropriate that the attorney's fees be awarded on the entire Maximum Gross Settlement Amount even though amounts to be paid to settlement class members who do not file a claim form will remain the sole and exclusive property of the defendant.

*Stahl, Id.* (citations omitted).   Here, the Parties agree that approximately 35% of the common fund is a reasonable percentage for attorneys' fees.  Plaintiffs' counsel has extensive experience litigating FLSA collective actions and the results in this matter warrant such an amount, given Defendants' vigorous defense, the time incurred in successfully prosecuting Plaintiffs' claims, and the exceptional results obtained on behalf of Plaintiffs.

Case law from throughout the country supports the payment of attorneys' fees as a percentage of the total common fund. *See Prasker v. Asia Five Eight LLC, et. al*, 2010 WL 476009, *6 (S.D.N.Y. 2010) (stating that "[i]n wage and hour class action lawsuits, public policy favors a common fund attorneys' fee award" and awarding an attorney fee payment of $346,500 out of the common fund of $1,050,000 (33%)); *Duchesne v. Michael Cetta, Inc., et. al.,* 2009 WL 5841175, *3 (S.D.N.Y. 2009) (approving attorney fees of $1,015,000 out of a common fund of $3,150,000, or 32.2%, and stating that the "percentage of recovery" method is consistent with the trend in the Second Circuit); *Faltaous v. Johnson and Johnson, et. al.*, 2007 WL 3256833, *10 (D.N.J. 2007) (stating that "attorneys' fees of approximately 30 percent of the common fund are also regularly awarded in labor and employment law class actions.") (internal citations

omitted); *Mohney v. Shelly's Prime Steak, Stone Crab &Oyster Bar*, 2009 WL 5851465, *5 (S.D.N.Y. 2009) (awarding 33% of common fund of $3,265,000.00 as attorneys' fees); *Stahl*, 2008 WL 2267469 at *2 (M.D. Fla. 2008) (Judge Whittemore approving attorney fees of $3,744,500.00 out of a common fund of $13,137,365.00); *Reyes v. Buddha-Bar NYC*, 2009 WL 5841177 (S.D.N.Y 2009) (awarding attorneys' fees of 33 1/3% from common fund of $710,000.00); *Noell v. Suncruz Casinos*, 2009 WL 541329, *1 (M.D. Fla. 2009) (Judge Moody approving attorney fee payment of 30% of the common fund in a WARN Act case); and *Moultry v. Cemex, Inc.*, 8:07-cv-453-T-MSS (August 20, 2008) (Scriven, Mag. J.) (awarding 32.25% of the common fund as attorneys' fees); *Kimmel et al., v. Venture Construction Co.*, Case No. 1:10-cv-01388-RLV-WEJ, Docs. 69, 70 (N.D. Ga. Nov. 4, 2010) (approving common fund class settlement on behalf of class of construction superintendents); *Kemper v. Rent-A-Center, Inc.*, Case No. 4:00-cv-00435-RH-WCS, Dkts. 14-15 (N.D. Fla. 2000) (awarding 33.33% of common fund approach to plaintiffs' counsel); *Erie County Retirees Ass'n v. County of Erie*, 192 F. Supp. 2d 369, 382-83 (W.D. Pa. 2002) (approving 38% of common fund in ADEA case); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 179-80 (W.D.N.Y. 2005) (almost 40% of $125,000 common fund approved in a FLSA case).

"[O]ne purpose of the percentage method is to encourage early settlements by not penalizing efficient counsel, thus ensuring competent counsel continue to be willing to undertake risky, complex, and novel litigation." *Manual for Complex Litigation*, 4th § 14.121. The Eleventh Circuit has stated, "from the beginning and throughout the case, expertise in negotiations and tactics often advances a client's cause more quickly and effectively than the sustained and methodical trench warfare of the classical litigation model." *Norman v. The Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1300 (11th Cir. 1988).

Here, Plaintiffs' counsel efficiently resolved this matter while recognizing Defendants' interest in avoiding additional time defending the matter, which would have increased Defendants' investment in the defense of the case and potentially decrease the settlement funds available to the settlement class. Defendants' counsel asserted vigorous defenses to Plaintiffs' claims, defenses which could have presented a significant defense to the damages at issue in this litigation. Despite these potential defenses, Plaintiffs' counsel pursued Plaintiffs' claims and successfully negotiated a very favorable settlement. Plaintiffs' counsel conducted full discovery, successfully obtained summary judgment on liability, and even pursued Plaintiffs' claims in bankruptcy against Defendant, Darnell Lewis Gardner when this case was stayed as to him. Plaintiffs, opt-in Plaintiffs and potential class members have all benefited from Plaintiffs' counsel's efforts. All these factors warrant that attorneys' fees and costs (including costs of administration and time still to be incurred to administer the settlement) in this matter be calculated at 35% of the common fund claimed by settlement class members. The Parties agree this is a fair and reasonable amount and that the amount to be allocated for costs is likewise reasonable.

**IV.     Conclusion.**

The settlement in the instant matter is fair and was structured in a similar manner as many FLSA settlements previously approved in this circuit. The Parties jointly and respectfully request that this Court approve the settlement agreement between the Parties, administratively close and/or dismiss the case, and retain jurisdiction to enforce the terms of the Parties' Settlement Agreement. The Parties agree that this is a fair settlement and that it is in both of their best interests to resolve this matter, pay the settled claims, and dismiss this matter.

| | |
|---|---|
| **/s/  ANDREW R. FRISCH**<br>Andrew R. Frisch<br>GA Bar No. 366105<br>MORGAN & MORGAN, P.A.<br>600 N. Pine Island Road, Suite 400<br>Plantation, FL 33324<br>Telephone: (954) WORKERS<br>Email: afrisch@forthepeople.com<br><br>*Attorney for Plaintiffs* | **/s/  JOHN J. MCARTHUR**<br>John J. McArthur<br>GA Bar No. 480725<br>P.O. Box 893<br>Athens, GA 30603<br>Telephone: (706) 353-7736<br>Email: john@mcarthurlaw.net<br><br>*Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been filed using the CM/ECF filing system, which I understand will send a notice of electronic filing this  29th  day of August 2017,  to all parties and counsel of record.

                                                **/s/ ANDREW R. FRISCH**
                                                Andrew R. Frisch