# EXHIBIT A

## SETTLEMENT AGREEMENT AND PLAINTIFFS'
## FULL AND FINAL RELEASE OF CLAIMS FOR UNPAID WAGES

1.  This Agreement covers all understandings between CHRISTIE BURRELL ("BURRELL"), on behalf of herself and all others similarly situated, who filed their consent to join in the lawsuit *Burrell v. Toppers International, Inc., et al.* (hereinafter collectively referred to as "Plaintiffs," a term which includes Plaintiffs' successors, beneficiaries, personal representatives, and heirs), and SANDRA GARDNER and TOPPERS INTERNATIONAL, INC. (hereinafter referred to collectively as "Defendants," a term which includes any parent corporation or subsidiary, affiliate or division, successors, spouse, assigns, beneficiaries, and heirs).

2.  For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiffs agree as follows:

    A.  To settle and release any and all claims which Plaintiffs have against Defendants related to Plaintiffs' claims for unpaid wages which arose or may have arisen prior to the date of execution of this agreement.
    B.  To agree and acknowledge that this settlement is the compromise of a disputed claim and does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiffs' rights or of any duty owed by Defendants to Plaintiffs.
    C.  That the below-referenced amount paid by Defendants represents a sum to which Plaintiffs would not be entitled absent this Agreement.
    D.  That Plaintiff agrees to continue the adversary proceeding styled <u>Christie Burrell, et. al. v. Darnell Lewis Gardner, Case No. 17-30333-JPS, Adversary No. 17-03021, for a period of 60 months from the date upon which the Chapter 13 plan is confirmed in the aforementioned Case No. 17-30333-JPS, to the extent Defendants do not default under their obligations outlined in Paragraphs 3 and 4 herein.</u>

3.  For and in consideration of the promises made by Plaintiff in Paragraph 2 of this Agreement, Defendants agree to pay Plaintiffs the total consideration of THREE HUNDRED TWENTY-SEVEN THOUSAND FIVE HUNDRED ($327,500.00) DOLLARS, in sixty (61) installment payments, all of which shall be delivered to Morgan & Morgan, P.A., 600 Pine Island Road, Suite 400, Plantation, FL 33324.

Each of the first sixty (60) payments shall be in the aggregate amount of $4,000.00, for a total of $240,000. The sixty-first (61st) payment shall be in the aggregate amount of $87,500.

The first payment, for a total of $4,000.00, shall be made on or before September 15 2017, and the following sixty (60) payments shall recur on or before the 15th of each consecutive month, until Defendants have paid the entire $327,500 due hereunder.

1

The total allocation to each Plaintiff and to Morgan & Morgan, P.A., Plaintiffs' attorneys, are specifically set out in **EXHIBIT A**, attached hereto, as are the amounts of each installment payment to be made hereunder to all Plaintiffs, and to Morgan & Morgan, P.A., Plaintiffs' attorneys. ***Plaintiffs are specifically aware of, and agree with, the amount of attorneys' fees and costs to be paid to their counsel for representing their interests in this matter.***

4. Each payment, as described in Paragraph 3 above, must be received by Plaintiffs' counsel (c/o Andrew R. Frisch, Esq., Morgan & Morgan, P.A., 600 N. Pine Island Road, Suite 400, Plantation, Florida, 33324) by the due dates described therein. If the Defendants fail to make any one of the payments described above by the due date, Morgan & Morgan, P.A. will notify the Defendants' representative (John J. McArthur, PO Box 893, Athens, GA 30603) by e-mail to john@mcarthurlaw.net and request a cure of this defect. The Defendants shall thereafter have five (5) calendar days from the date of the notice to cure the defect. If the defect is not cured within the five (5) day period, the remaining balance of all amounts owed under this Agreement shall become immediately due and owing. Plaintiffs shall have the right to immediately file a judgment against Defendants for all such amounts, plus interest (at the applicable State of Georgia interest rate in effect) from the date of the settlement agreement, and reasonable attorneys' fees and costs associated with the entry of such judgment. Defendants expressly agree and acknowledge that they are jointly and severally liable for all payments due under paragraphs four (4) and five (5) of this Agreement.

5. In the event that Defendants are in default, as outlined in paragraph 4 above, Darnell Gardner, agrees that the declaration attached as **EXHIBIT B** may be filed in his bankruptcy case, pending in the U.S. Bankruptcy Court, Middle District of Georgia, Bankruptcy Petition # 17-30333.

6. The Plaintiffs and Defendants (the "Parties") agree to request that the Court in the case of *Burrell v. Toppers International, Inc.*, Case No. 3:15-cv-00125-CDL, currently pending in the Middle District of Georgia reserve jurisdiction over this case to enforce this settlement agreement, until such time as Defendants have made all payments due pursuant to Paragraph 3 herein, whereupon this case will be voluntarily dismissed with prejudice.

7. In the event that Plaintiffs or Defendants commence an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys' fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action. Defendants agree that they are jointly and severally liable for any costs and/or fees that become due under this paragraph six (6) of this Agreement.

8  Defendants waive any and all guaranty defenses, including but not limited to exoneration, all subrogation rights until Plaintiffs are paid in full, any changes or assignments in the obligation and/or security by Plaintiffs, the benefit of any applicable statue of limitation, all notices of sale, notice of default, presentment for payment, notice of non-payment, protest and notice of acceptance of this guaranty. Extensions, renewals,

indulgences, delays, transfers, settlements and compromises may be made in Plaintiffs' sole discretion, with or without notice to Defendants, and will not relieve Defendants of any liability. Defendants further acknowledge that the obligations of this agreement are not dischargeable in bankruptcy and, if bankruptcy is filed, Plaintiffs shall have a priority lien against any assets of Defendants.

9. By this Agreement and upon full payment of all consideration called for herein as part of this settlement, Plaintiffs fully and unconditionally releases any and all claims they may now have against TOPPERS INTERNATIONAL, INC., SANDRA GARDNER, and DARNELL LEWIS GARDNER relating to the payment of minimum wages and/or overtime wages that arose or may have arisen prior to the execution of this Agreement.

10. Plaintiffs and Defendants agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

11. This Agreement supersedes all prior agreements and understandings between Plaintiffs and Defendants. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiffs and Defendants.

12. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

13 The law governing this Agreement shall be that of the United States and the State of Georgia.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

DATE: 08/21/17   Signature: _____
CHRISTIE BURRELL, on behalf of herself
and all others similarly situated

DATE:_____   Signature: _____
SANDRA GARDNER, Individually

DATE:_____   Signature: _____
DARNELL   LEWIS   GARDNER,
Individually (as to Paragraphs 5 and 9 only)

DATE:_____   Signature: _____
TOPPERS INTERNATIONAL, INC.
By: Darnell Lewis Gardner

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

4

Scanned by CamScanner

## Exhibit A

## Total Allocation to Each Plaintiff and to Morgan & Morgan, P.A.

| Name | Lost Wages | Liquidated Damages | Total Damages | Monthly Payment Amount (First 60 Months) | First 60 Month Total | 61st Payment |
|---|---|---|---|---|---|---|
| Cortney Bach | $415.93 | $415.93 | $831.86 | $10.20 | $612.00 | $219.86 |
| Natalie Brakhop | $1,651.77 | $1,651.77 | $3,303.54 | $40.20 | $2,412.00 | $891.54 |
| Christie Burrell | $13,699.72 | $13,699.72 | $27,399.44 | $335.00 | $20,100.00 | $7,299.44 |
| Stephanie Coalley | $21,100.03 | $21,100.03 | $42,200.06 | $515.80 | $30,948.00 | $11,252.06 |
| Flora Debevec | $3,400.00 | $3,400.00 | $6,800.00 | $83.40 | $5,004.00 | $1,796.00 |
| Autumn Edwards | $2,179.07 | $2,179.07 | $4,358.14 | $53.40 | $3,204.00 | $1,154.14 |
| Christina Elling | $2,161.76 | $2,161.76 | $4,323.52 | $53.00 | $3,180.00 | $1,143.52 |
| Holly Hodges | $8,670.37 | $8,670.37 | $17,340.74 | $209.40 | $12,564.00 | $4,776.74 |
| Angela Kailing | $9,506.32 | $9,506.32 | $19,012.64 | $232.60 | $13,956.00 | $5,056.64 |
| Courtney Nesslage | $10,338.46 | $10,338.46 | $20,676.92 | $252.60 | $15,156.00 | $5,520.92 |
| Kaylan Roesner | $7,600.97 | $7,600.97 | $15,201.94 | $185.80 | $11,148.00 | $4,053.94 |
| Amanda Spear | $657.07 | $657.07 | $1,314.14 | $16.20 | $972.00 | $342.14 |
| Tyler Spizzirri | $2,558.39 | $2,558.39 | $5,116.78 | $62.60 | $3,756.00 | $1,360.78 |
| April Thomas | $17,145.61 | $17,145.61 | $34,291.22 | $419.00 | $25,140.00 | $9,151.22 |
| Attorney fees | | | $125,329.06 | $1,530.80 | $91,848.00 | $33,481.06 |
| **Totals** | | | $327,500.00 | $4,000.00 | $240,000.00 | $87,500.00 |

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

IN RE: DARNELL GARDNER,　　　　　　　　　　　　CHAPTER 13

　　Debtor,　　　　　　　　　　　　　　　　　　　CASE NO. 17-30333-JPS

_____/

## DECLARATION OF DARNELL GARDNER

I, DARNELL GARDNER, declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 as follows:

1. I make this declaration based on personal knowledge.

2. I am over the age of 18 and competent to testify about the matters set forth in this declaration.

3. I am the Debtor in the above-styled action.

4. Since 2004, I have been the sole shareholder, director, and officer of Toppers International, Inc.

5. As the sole shareholder, director, and officer of Toppers International, Inc. I operate and manage Toppers International Showbar on a day-to-day basis.

6. Since 2004, I have been responsible for the daily operations of Toppers International Showbar and make all decisions regarding its operations and management.

7. Since 2004, I have been responsible for the supervision of the entertainers at Toppers International Showbar, and I am responsible for the compensation (or lack thereof) paid to entertainers at Toppers International Showbar, hiring/firing workers on behalf of Toppers International Showbar, directing and supervising

Toppers' International Showbar's workers, signing on Toppers' business accounts, and have had the authority to make decisions regarding fines imposed on employees and capital expenditures on behalf of Toppers.

8. I run everything on behalf of Toppers International Showbar, set all club policy, and discipline people on behalf of Toppers.

9. Based on my ownership and management of Toppers International Showbar, I do not dispute that I am an "employer" and joint employer of Toppers' entertainers under the FLSA, to the extent that a court has determined that entertainers of Toppers International Showbar are employees and not independent contractors.

10. I declare under penalty of perjury that the foregoing is true and correct, and I am signing this Declaration freely and voluntarily and after conferring with my attorney.

Executed this 22 day of August, 2017, in Athens-Clarke County, Georgia.

_____
DARNELL GARDNER